UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH SHINE-JOHNSON, *et al.*,

        **Plaintiffs,**

                                **Civil Action 2:20-cv-5919**
**v.**                               **Judge Sarah D. Morrison**
                                **Magistrate Judge Elizabeth P. Deavers**

MIKE DEWINE, *et al.*,

        **Defendants.**

**ORDER AND REPORT AND RECOMMENDATION**

On November 16, 2020, sixteen Plaintiffs commenced this action, but failed to pay the requisite $350 filing and administrative fee.  (ECF No. 1.)  On December 2, 2020, Plaintiffs Joseph Shine-Johnson, Rubin Williams, Antonio Henderson, and Lonnie Hill each submitted applications for leave to proceed *in format pauperis*.  (ECF Nos. 6-9.)  On December 7, 2020, Plaintiff James Goodson filed an application for leave to proceed *in forma pauperis*.  (ECF No. 10.)  On December 8, 2020, the Court ordered the remaining eleven Plaintiffs to submit applications for leave to proceed *in forma pauperis*.  (ECF No. 11.)  Since that time, nine additional Plaintiffs have submitted applications for leave to proceed *in forma pauperis*.  (ECF Nos. 12-18, 21-22.)  To date, a total of fourteen (out of sixteen) Plaintiffs have submitted applications for leave to proceed *in forma pauperis*.

**I.**

Upon review of the fourteen applications for leave to proceed *in forma pauperis*, the following thirteen Plaintiffs' requests to proceed *in forma pauperis* are **GRANTED**:  Joseph Shine-Johnson (ECF No. 6), Rubin Williams (ECF No. 7), Antonio Henderson (ECF No. 8),

1

Lonnie Hill (ECF No. 9), James Goodson (ECF No. 10), Robert Benford (ECF No. 12), Lonnie Cage (ECF No. 13), Mack Griffin (ECF No. 14), Troy Mason (ECF No. 15), Richard Whitman (ECF No. 16), Victor Steel (ECF No. 17), Lawrence Collins (ECF No. 18), and Ricardo Taborn (ECF No. 21).

These Plaintiffs' applications include Certificates that reveal that these Plaintiffs currently possess sums in their respective prison accounts which are insufficient to pay their share of the full filing fee. Accordingly, each Plaintiff shall be apportioned **ONE-FOURTEENTH (1/14)** of the requisite $350 filing and administrative fee, which computes to $25.00 per Plaintiff. Pursuant to 28 U.S.C. § 1915(b)(1), the custodians of Plaintiffs' inmate trust accounts at the Belmont Correctional Institute are **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust accounts or the average monthly balance in the inmate trust accounts, for the six months immediately preceding the filing of the Complaint.

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

## II.

The record reflects that mail sent by the Clerk to Plaintiff Lawrence Collins was returned undeliverable with the label "RETURN TO SENDER – NOT DELIVERABLE AS ADDRESSED – UNABLE TO FORWARD." (ECF No. 23.) Plaintiff Lawrence Collins is

2

**ADVISED** that he has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at \*1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *Waddell v. Bennett*, No. 1:15-cv-130, 2015 WL 5562311, at \*1 (S.D. Ohio Sept. 22, 2015) ("The Court notes, however, that though such notice was served upon Plaintiff, it was returned to the Court due to Plaintiff's failure to apprise the Court of his change of address.  By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."); S.D. Ohio Guide for *Pro Se* Civil Litigants, p. 14 ("[I]f your address or phone number changes, you must promptly notify the Court, in writing, of your new contact information."); *cf. Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend.").

Accordingly, if he intends to proceed with this action, Plaintiff Lawrence Collins is **DIRECTED** to file a written status report that includes his new address within **TWENTY-ONE (21) DAYS** of the date of this Order.  Failure to do so will result in the recommendation that his claims be dismissed for failure to prosecute.  *See Lee v. Hill*, No. 1:18-cv-00726, 2019 WL 2075958, at \*1 (S.D. Ohio May 10, 2019) (dismissing with prejudice pursuant to Federal Rule of Civil Procedure 41(b) where inmate released from custody "failed to keep the Court apprised of her current address since her release"); *Waddell v. Bennett*, No. 1:15-cv-130, 2015 WL 5579915, at \*2 (S.D. Ohio Aug. 31, 2015) ("Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute."), *report and recommendation adopted by* 2015 WL 5562311 (S.D. Ohio Sept. 22, 2015); S.D.

3

Ohio Guide for *Pro Se* Civil Litigants, p. 14 ("**If you fail to keep the Court informed of your**

**current address/telephone number, your case may be dismissed for lack of prosecution**."

(emphasis in original)).  The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff at his

last known address listed on the docket:

> Lawrence Collins
> Belmont Correctional Institution
> P.O. Box 540
> 68518 Bannock Road
> St. Clairsville, OH 43950

### III.

Although Plaintiff Jarron Earley-Tabor also submitted an application for leave to proceed

*in forma pauperis*, he has not submitted all of the required information.  Specifically, the

prisoner account trust fund statement attached to Plaintiff Earley-Tabor's application was not

certified by the prison cashier.  (*See* ECF No. 22 at PAGEID # 280.)  Consequently, **Plaintiff**

**Earley-Tabor is DIRECTED to either (1) pay $25.00, which will reflect his share of the**

**$350 filing and administrative fee; or (2) submit, WITHIN THIRTY (30) DAYS of the date**

**of this Order and Report and Recommendation, the required certified trust fund statement**

**from his prison's cashier**.  The trust fund statement should indicate both the average monthly

balance in Plaintiff Earley-Tabor's account for the last six months and the amount of income

credited to his account during those months.  The affidavit must include a statement of all assets

Plaintiff Earley-Tabor possesses.  If Plaintiff Earley-Tabor elects to submit the required

information in support of his application to proceed *in forma pauperis*, the Court will, upon

receipt of the information, determine if Plaintiff Earley-Tabor may proceed *in forma pauperis*,

and, if so, will calculate the initial partial filing fee and the monthly installments, issuing a

separate order directing payment.

If the filing deficiency identified by this Order is not corrected within 30 days, the Court

will assume that Plaintiff Earley-Tabor has decided not to pursue this case, and the request for

leave to proceed *in forma pauperis* (*i.e.*, by paying an initial partial filing fee with the balance

paid in installments) will be denied.  For ease of reference, the Court has attached as Exhibit One

the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees, to

be completed by Plaintiff Earley-Tabor and the institution of incarceration.  In addition to filling

out the Certificate, the institution should follow the instructions on the Certificate, which require

attachment of a certified copy of Plaintiff Earley-Tabor's prison trust fund account statement,

showing at least the past six months' transactions.

Without receipt of the requested documentation, the Court is required to assume that

Plaintiff Earley-Tabor is not a pauper, and it will: (1) assess Plaintiff Earley-Tabor the full

amount of the filing fee; (2) dismiss the case for want of prosecution; and (3) not reinstate the

case to the Court's active docket **even if the filing fee is then paid in full**.  *See In re Prison*

*Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997).

## IV.

Finally, Plaintiffs Bobby Nix and N. Sabir Abdullah have failed to submit applications

for leave to proceed *in forma pauperis*.  In the Court's December 8, 2020 Order, the Court

warned all Plaintiffs that "[i]f Plaintiffs do not comply with this Order, the Court is required to

assume that Plaintiffs are not paupers, and it will:  (1) assess Plaintiffs the full amount of the

filing fee; (2) dismiss the case for want of prosecution; and (3) not reinstate the case to the

Court's active docket even if the filing fee is then paid in full."  (ECF No. 11.)  Accordingly, it is

**RECOMMENDED** that the Court:  (1) assess Plaintiffs the full amount of the filing fee; (2)

dismiss the case for want of prosecution; and (3) not reinstate the case to the Court's active

5

docket even if the filing fee is then paid in full.  *See In re Prison Litig. Reform Act*, 105 F.3d at 1132.

## V.

It is **ORDERED** that Plaintiffs Joseph Shine-Johnson, Rubin Williams, Antonio Henderson, Lonnie Hill, James Goodson, Robert Benford, Lonnie Cage, Mack Griffin, Troy Mason, Richard Whitman, Victor Steel, Lawrence Collins, and Richardo Taborn be allowed to prosecute their action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.  In addition, Plaintiff Lawrence Collins is **DIRECTED** to file a written status report that includes his new address within **TWENTY-ONE (21) DAYS** of the date of this Order.  The Clerk is further **DIRECTED** to mail a copy of this Order to Plaintiff at his last known address listed on the docket:

> Lawrence Collins
> Belmont Correctional Institution
> P.O. Box 540
> 68518 Bannock Road
> St. Clairsville, OH 43950

Once Plaintiff Earley-Tabor's filing deficiency is cured, the Court will conduct an initial screening of the Complaint as soon as practicable to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The Court will then enter an order and direct service of summons and complaint on Defendants, if appropriate.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: January 26, 2021                     /s/ *Elizabeth A. Preston Deavers*
                                         ELIZABETH A. PRESTON DEAVERS
                                         UNITED STATES MAGISTRATE JUDGE